UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────────X

Rodney Rollins,

     *Plaintiff*,

  v.

New York State Division of Parole, New York State
Parole Officer John White, New York State Parole
Officer Barry Davis, New York State Parole Officer
Roosevelt Green, and New York State Parole Officer
James Contino,

     *Defendants*.
────────────────────────────────────────X

**MEMORANDUM & ORDER**
**03-CV-5952 (NGG)(RLM)**

GARAUFIS, United States District Judge:

     Rodney Rollins ("Rollins" or "Plaintiff") has sued the New York State Division of Parole (the "Parole Division") and four of its officers (the "Parole Officers") (collectively, "Defendants") pursuant to 42 U.S.C. §§ 1983 and 1985, the Due Process clause of the Fourteenth Amendment to the United States Constitution, and several common-law causes of action. Rollins' suit is based in large part on his August 2002 arrest and subsequent imprisonment for allegedly violating the conditions of his parole by making misrepresentations regarding his income.

     This court granted Defendants' motion for summary judgment and dismissed Rollins' Complaint. (See Order dated November 1, 2005.) Rollins now moves the court to reconsider that decision pursuant to Rules 59(e), 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Rollins' motion for reconsideration is GRANTED to the extent that the court now considers Rollins' statement of facts in opposition to Defendants'

1

motion for summary judgment, which his counsel failed to submit previously. The court's decision to grant Defendants' motion for summary judgment is, however, AFFIRMED.

## I.    Procedural Background

When this court granted Defendants' motion for summary judgment, it noted that Rollins, in responding to that motion, did not satisfy his obligation to submit a factual statement including "a corresponding numbered paragraph responding to each numbered paragraph in the statement [of undisputed facts] of the moving party." Local Civ. R. 56.1(b). The court therefore accepted as undisputed all material facts set forth in Defendants' 56.1 Statement. (See Order dated November 1, 2005 at 3 (citing Local Civ. R. 56.1(c)).)

Immediately upon learning of the court's decision, Rollins' counsel filed a letter informing the court that he had prepared a responsive 56.1 Statement at the proper time but had failed to serve and file that 56.1 Statement when he served and filed other documents in opposition to Defendants' motion.[1] (Rollins Ltr. to Judge Garaufis dated November 1, 2005 at 1.) Because that letter was filed the day the court granted summary judgment, and because it attached the 56.1 Statement to which it referred, the court accepts as true the explanation set forth by Rollins' counsel. Although counsel's failure to file a responsive 56.1 Statement is a serious error, the court will not dismiss a potentially meritorious complaint because of counsel's

---

[1] Rollins' counsel later reaffirmed that explanation under penalty of perjury. (See Declaration of Steven A. Hoffner dated November 8, 2005 ¶¶ 3-6.)

negligence. The court will therefore consider Rollins' 56.1 Statement when resolving his motion for reconsideration.[2]

The court assumes familiarity with the facts of this case as set forth in the Order dated November 1, 2005. For the purpose of resolving Rollins' motion for reconsideration, the court will supplement those facts by discussing, where appropriate, the purportedly disputed and genuine issues of material fact that Rollins identifies in his 56.1 Statement and cites as a basis for this court to deny Defendants' motion for summary judgment.

## II. Plaintiff's Motion for Reconsideration

A motion for reconsideration may be granted only if a court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority. See Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (discussing Fed. R. Civ. P. 59(e) and Local Civ. R. 6.3). Rollins argues that the court overlooked factual matters now set forth in his 56.1 Statement, although he concedes that those matters were not properly before the court when it considered and granted Defendants' motion for summary judgment. The court, although it is not obligated to do so, will nevertheless consider those factual matters. Rollins does not assert that the court overlooked any controlling legal authority.

---

[2] Rollins has represented, and Defendants have not indicated otherwise, that Defendants do not oppose Rollins' request that the court now consider his 56.1 Statement. (See Rollins Notice of Motion dated November 8, 2005 at 1 n.1; Rollins Ltr. to Judge Garaufis dated November 25, 2006 at 1.)

### A. The 1999 and 2000 Arrests

The court dismissed all claims based on Rollins' 1999 and 2000 arrests for purported parole violations because those claims were time-barred. (See Order dated November 1, 2005 at 10-11.) Rollins offers no facts to the contrary. That decision is therefore affirmed.

### B. The 2002 Arrest

#### 1. Officers White, Davis, and Green

The court dismissed Rollins' claims against Officers White, Davis, and Green based on Rollins' 2002 arrest because it found that those officers had "arguable probable cause" to arrest Rollins and were therefore entitled to qualified immunity. (See Order dated November 1, 2005 at 16-17.) More specifically, the Officers had arguable probable cause, based on Rollins' statements and omissions regarding his income, to believe that Rollins failed to comply with the condition of release requiring him to respond truthfully to all inquiries by his parole officer. (See id. at 12.) The Officers' arguable probable cause was based on (1) Rollins' October 1999 submission of an ostensibly "phony" check in response to Officer White's request for proof of Rollins' tax payments; (2) Rollins' refusal to fill out two financial questionnaires, one of which he received from Officer White in February 2001 and the other from Officer Davis in April 2002; and (3) Rollins' refusal to respond to a subpoena for information regarding the terms of his employment. (See id. at 5-7, 16-17.) The court found, based on these incidents, that "the facts in totality demonstrate that it was objectively reasonable for [Officers White, Davis, and Green] to believe that probable cause existed," and that those officers were therefore entitled to qualified immunity under Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004). (See Order dated November 1, 2005 at 16.)

4

The categories of facts set forth by Rollins in support of his motion for reconsideration do not compel a different result. I will consider each of those categories in turn.

      **a.    The Check**

Rollins first addresses the issue of the ostensibly "phony" check. Defendants claim that when Officer White, who was investigating the source of Rollins' high income, directed Rollins to submit proof of his tax payments, Rollins submitted a page consisting of a photocopy of a check for $13,509.50, which Rollins claimed to have mailed to the Department of Treasury, and a photocopy of a portion of a Form 1040, filled out by hand, indicating an amount of payment of $13,509.50. (Defs. 56.1 Statement ¶¶ 13-14; White Decl. ¶ 9; White Exs. L, M.) Defendants contend that Officer White then directed Rollins to provide the original check after it cleared, which Rollins did not do. (White Decl. ¶¶ 9, 16.) The court nevertheless wrote the following about this check:

> [I]t cannot be said with certainty that the Plaintiff lied to Officer White regarding this check. It is reasonable to infer that the Plaintiff intended to mail this check to the IRS, but for some legitimate reason did not. He did not represent to White that the check had already cleared. Therefore, as a matter of law, this photocopied check alone did not provide the Defendants with probable cause to believe the Plaintiff violated the terms of his release.
>
>                   \*        \*        \*
>
> Although the Plaintiff may not have outright lied about his check to the IRS, an officer of reasonable competence could have believed that the Plaintiff had falsely represented that he had sent the check as payment for his taxes.

(Order dated November 1, 2005 at 13, 16.) The court therefore found that the check was part of the "totality of the circumstances" giving rise to arguable probable cause.

5

Rollins now asserts that he gave Officer White the original check (rather than a photocopy), that Officer White therefore never requested the original check, and that Rollins never mailed the check to the Department of Treasury (or claimed that he did so) because he learned, apparently after presenting the check to Officer White, that the money was not owed. (Rollins 56.1 Statement ¶ 14.)  For the purpose of resolving this motion, the court will therefore assume that Rollins presented the original check rather than a photocopy, and that Rollins never failed to comply with a request that he provide the original check.

The court nevertheless must affirm its finding that "an officer of reasonable competence could have believed that the Plaintiff had falsely represented that he had sent the check as payment for his taxes."  (Order dated November 1, 2005 at 16.)  Rollins now admits that he never sent the check, and he does not represent that he disclosed this fact to any officer of the Parole Division.  It was therefore reasonable for the Parole Division to conclude, after learning that the check had never cleared (White Decl. ¶ 16), that Rollins had made a misrepresentation regarding his financial status.

### b. The Questionnaires

Rollins next addresses the two questionnaires.  Rollins wrote "None" or wrote nothing in response to nearly every question asked in the questionnaires, including requests for information about his bank accounts and assets.  (See White Ex. O; Davis Ex. A.)  Where the February 2001 questionnaire provided space for his signature, Rollins wrote, "Signature declined.  I warrant nothing in this statement to be other than my opinion based upon my best recollection."  (White Ex. O at 4.)  Where the April 2002 questionnaire provided space for his signature, he wrote, "I respectfully decline to attest to anything under penalty of perjury."  (Davis Ex. A at 4.)

6

Rollins now takes the position that the February 2001 questionnaire "was only partially filled out because his finances were complicated. As a result, Rollins did not feel comfortable swearing to the accuracy of his responses." (Rollins Mem. L. dated January 26, 2006 at 7.) Regarding the April 2002 questionnaire, Rollins argues that "the decision to have Rollins fill [it] out . . . was for the purpose of harassing him and improperly revoking his parole." (Id. at 9.) In other words, Rollins does not dispute that he refused to fill out these questionnaires, but he offers an explanation for that refusal and argues that the request that he fill out the questionnaires was made in bad faith. In support of that argument, he notes that he had provided the Parole Division with pay stubs and other documents reflecting his income. (Rollins Mem. L. dated January 26, 2006 at 8.)

When the court granted Defendants' motion for summary judgment, it considered all the facts now put into the record by Rollins. In particular, the court wrote:

> The Plaintiff claims that at the time he turned in the questionnaires, he explained to his parole officers that he could not fully and accurately answer the questions as stated because his financial situation was complicated by the line of work in which he was involved and the manner in which he was compensated for his work. (See Pl.'s Dep. at 183-5.) The Plaintiff also testified that he offered to procure an accountant at his own expense to provide to Parole "a complete independent accounting of what [his] true net worth was." (Pl.'s Dep. at 183-4.) He claims he deliberately did not sign the two questionnaires, instead writing "I respectfully decline to attest to anything under penalty of perjury" on one, and "signature declined" on the other, because he knew the forms did not accurately reflect his finances. (See Pl.'s Dep. at 185.)
>
> While it may well be that the Plaintiff technically did not respond "fully" – as required by Rule 5 of his release conditions – to the financial questionnaires, this technicality should not be the basis for a finding of probable cause. Given that the defendants were already in possession of countless documents and pay stubs which informed Parole of the Plaintiff's considerable legitimate earnings, and that the Plaintiff offered to assist Parole in obtaining a more complete assessment of

his finances, this court cannot find that the questionnaires gave the Defendants
probable cause as a matter of law to arrest the Plaintiff.

(Order dated November 1, 2005 at 15.) The court therefore concluded that Rollins' refusals to fill out the questionnaires did not, on their own, warrant a finding of probable cause, although those refusals did form part of the "totality of the circumstances" warranting arguable probable cause. (Id. at 16-17.) Because Rollins offers no facts about the questionnaires that were not previously considered, that decision is affirmed.

### c. The Subpoena

Finally, Rollins addresses his failure to respond to the subpoena mailed to him by Officer Green in August 2001. Rollins concedes that he failed to respond to the subpoena, but argues that because the subpoena was sent to him via mail, "no lawful subpoena was ever served on him." (Rollins' 56.1 Statement ¶ 28.) The court has already considered this argument:

> Whether the Plaintiff was obligated under the terms of his parole to respond to improperly served subpoenas is unclear. Indeed, neither the Plaintiff nor the Defendants have offered persuasive case law to support their positions on this issue, and the court has found little as well. It is undisputed, however, that the Plaintiff did regularly provide Green and the Division of Parole with information concerning his finances. (See, e.g., Green Dep. at 30-32.) Given that Plaintiff, by his own testimony and that of the Defendants, willingly produced evidence of his earnings and employment when requested, the court is reluctant to reward Officer Green by finding probable cause as a matter of law based on Green's misleading and improper issuance of subpoenas. Therefore, the court finds that the Plaintiff's failure to reply to the subpoena issued by BSS does not, in and of itself, provide a basis for finding probable cause as a matter of law.

(Order dated November 1, 2005 at 13-14 (footnote omitted).) The court nevertheless found that Rollins' failure to respond to the subpoena formed part of the "totality of the circumstances" warranting arguable probable cause. (Id. at 16-17.) Because Rollins offers no facts about the subpoena that were not previously considered, that decision is affirmed.

8

### d. Analysis

The question for the court is whether any facts now alleged by Rollins, which the court assumes to be true for the purpose of deciding this motion, support Rollins' argument that Officers White, Davis, and Green are not entitled to qualified immunity from claims based on Rollins' 2002 arrest. The court finds that no facts set forth in Rollins' 56.1 Statement undermine the court's previous decision that—

> [T]he facts in totality demonstrate that it was objectively reasonable for the Defendants to believe that probable cause existed. Although the Plaintiff may not have outright lied about his check to the [Treasury Department], an officer of reasonable competence could have believed that the Plaintiff had falsely represented that he had sent the check as payment for his taxes. This, in conjunction with the Plaintiff's failure to respond to subpoenas requesting financial information and his deliberate efforts not to complete a financial questionnaire that was twice given to him, and Parole's general awareness that the Plaintiff seemed to maintain a lifestyle inconsistent with his reported income, provide the basis for a finding of "arguable" probable cause. As the Second Circuit has stated, "the analytically distinct test for qualified immunity is more favorable to the officers than the one for probable cause." Escalera, 361 F.3d at 743.
>
> It cannot be said that it was objectively unreasonable for the Plaintiff's parole officers to conclude, given the totality of the circumstances, that the Plaintiff was in violation of his obligation to respond *promptly, fully and truthfully* to all inquiries by Parole. Therefore, arguable probable cause existed to arrest the Plaintiff on August 7, 2002, and the Defendants are entitled to qualified immunity on this charge.

(Order dated November 1, 2005 at 16-17 (emphasis in original).) The court therefore affirms its decision to grant summary judgment to Officers White, Davis, and Green as to claims based on the 2002 arrest.

### 2. Officer Contino

The court dismissed Rollins' claim against Officer Contino based on Rollins' 2002 arrest because it found that Officer Contino had absolute immunity from that claim. (See Order dated November 1, 2005 at 17-18.) That finding was based on the fact that Officer Contino's sole involvement in the 2002 arrest was signing the arrest warrant pursuant to another officer's recommendation, an act that is "prosecutorial in nature." (Id. (citing Scotto v. Almenas, 143 F.3d 105, 111, 113 (2d Cir. 1998)).) Rollins offers no facts suggesting that Officer's Contino's role was not prosecutorial in nature. The court's decision with respect to Officer Contino is therefore affirmed.

### C. The Due Process Claims

After Rollins was arrested in 2002, a preliminary hearing was scheduled to determine whether he had in fact violated the conditions of his probation. That preliminary hearing was conducted on August 20, 2002 before Administrative Law Judge Tapper. (See Hertzberg Ex. C.) After hearing some testimony and argument, Judge Tapper adjourned for the day so that Officer Green could obtain certain bank records. (Id. at 57-58.) The hearing resumed two days later before Preliminary Hearing Officer Perry-Patterson, not Judge Tapper. (See Hertzberg Ex. D.)

Rollins alleges that "officers Davis, Green and Contino conspired to have the hearing adjourned to August 22, 2002, by falsely claiming that there were additional documents back at their office which they would provide in support of their charges." (Compl. ¶ 25.) He also alleges that these officers "failed to inform [Officer Perry-Patterson] that substantial testimony had already been taken on the charges." (Id. ¶ 49.) These allegations are the bases for his substantive and procedural due process claims. (Id. ¶¶ 44-51.)

1. **Substantive Due Process**

The court dismissed Rollins' substantive due process claim because the "right" identified by Rollins – the right to have a single fact finder preside over his hearing – is not a protected constitutional right and because Defendants' conduct at the hearings did not "shock the conscience." (See Order dated November 1, 2005 at 19-21.) The court noted that "Plaintiff's argument that the Defendants deliberately misled ALJ Tapper into granting an adjournment by lying about having evidence to support their charges at the office does not enhance the Plaintiff's due process argument." (Id. at 21-23 (citing Bishop v. Wood, 426 U.S. 341 (1976) and Lowrance v. Achtyl, 20 F.3d 529 (2d Cir. 1994)).)

In moving for reconsideration of this decision, the only evidence cited by Rollins is the transcript of the August 22, 2002 hearing. (See Rollins Mem. L. dated January 26, 2005 at 10-11.) That transcript was before the court when it originally considered Defendants' motion for summary judgment.[3] (See Hertzberg Ex. D.) There is therefore no basis for the court to reconsider its decision to grant summary judgment as to Rollins' claim that his substantive due process rights were violated.

2. **The Procedural Due Process**

The court dismissed Rollins' procedural due process claim, which was based on the substitution of Officer Perry-Patterson for Judge Tapper, because it found that Rollins received the procedural protections to which he was entitled, *i.e.*, notice and an opportunity to appear. (Order dated November 1, 2005 at 23-25 (citing Morrissey v. Brewer, 408 U.S. 471 (1972) and

---

[3] The transcript of the August 20, 2002 hearing was also before the court at that time. (See Hertzberg Ex. C.)

Calhoun v. New York State Div. Of Parole Officer, 999 F.2d 647 (2d Cir. 1993)).) In moving the court to reconsider its decision, Rollins cites no evidence and instead presents legal arguments that the court has already considered. (See Rollins Mem. L. Dated January 26, 2006 at 11-14.) He should save those arguments for appeal. They do not meet the standards for reconsideration, see Range Road Music, 90 F. Supp. 2d at 392, and so this court must affirm its decision to grant summary judgment as to Rollins' procedural due process claim.

    **D.**     **The Section 1985 Claim**

The court dismissed Rollins' Section 1985 claim against all Defendants because it found that Rollins could not prove a "meeting of the minds" with respect to the Defendants' request that the hearing conducted on August 20, 2002 be adjourned. (See Order dated November 1, 2005 at 25-26 (citing Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003)).) Rollins now states that his "allegations of a conspiracy pursuant to 42 U.S.C. § 1985 to violate his civil rights are not limited to the seeking of the adjournment on August 20, 2002, but encompass all of the misconduct which formed the basis of this misguided and improper prosecution." (Rollins Mem. L. dated January 26, 2006 at 14.)

The court has reviewed Rollins' new factual allegations, which boil down to an observation that Officer Contino requested an investigation into Rollins' finances. (See id. at 14.) The court finds that the facts alleged by Rollins do not permit an inference of a meeting of the minds to violate Rollins' rights. It therefore affirms its decision to grant summary judgment as to Rollins' Section 1985 claims.

### E. Remaining Claims

The court dismissed Rollins' claim of excessive force against Officer White because the force used was not objectively unreasonable in light of the facts and circumstances and the harm to Rollins was *de minimis*. (See Order dated November 1, 2005 at 26-31.) The court dismissed Rollins' common-law causes of action on the grounds of the Parole Division's sovereign immunity and the Parole Officers' immunity under New York State statutory law. (See Order dated November 1, 2005 at 31.) Rollins does not challenge either of those decisions, each of which is therefore affirmed.

## III. Conclusion

For the reasons set forth above, Rollins' motion for reconsideration is GRANTED to the extent that the court now considers Rollins' 56.1 Statement. The court's decision to grant Defendants' motion for summary judgment is, however, AFFIRMED in its entirety. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: February 16, 2007  /s/ Nicholas G. Garaufis
 Brooklyn, N.Y. NICHOLAS G. GARAUFIS
 United States District Judge